GILFORD YORK, Respondent, v. GENERAL UTILITIES CORPORATION, a Foreign Corporation, and James Rheinfrank, Appellants.

(170 N. W. 312.)

**Personal injuries — damages — action to recover — negligence of defendant — instructions — error — new trial.**

This is a personal injury suit in which plaintiff seeks to recover for an

injury resulting from the alleged negligence of the defendants. For error in the instructions, the judgment is reversed and the case remanded for a new trial.

Opinion filed November 30, 1918.

Appeal from the District Court of Eddy County, Honorable *C. W. Butz,* Judge.

Defendants appeal.

Reversed and new trial ordered.

*Lawrence & Murphy* and *Watson, Young, & Conmy,* for appellants.

*Rinker & Duell, Julian E. Brown, D. J. Holihan* (*T. D. Sheehan,* of counsel), for respondent.

Robinson, J. This is an action to recover for a grave personal injury resulting from the alleged negligence of the defendants. They appeal from a verdict and judgment against them for $14,750. It does not appear that a motion for a new trial was made and denied, but that is of no consequence. Unless directed by the judge no motion for a new trial is necessary to obtain an appeal, a review of the questions of law or the sufficiency of the evidence. Laws 1913, chap. 131.

The complaint avers, and it is true, that in New Rockford on July 6, 1916, the defendant corporation owned and operated an electric light and power plant and furnished electricity for light and power at the residence of W. J. Payne. Also that James Rheinfrank was in charge of and had the control and management of the plant. Also that on July 6, 1916, the plaintiff was an electrician, and as such he was employed by one V. E. Beaudry. That at said time by direction of his employer, and in performance of his duties, the plaintiff undertook the repair of an electric light and wire fixture at the residence of W. J. Payne. He went into the cellar and, with an assistant, found an electric wire burned and severed, with two ends dangling. For protection he stood on a board and then took hold of one end of the wire and at the same time caused his head to come in contact or in close proximity to a grounded iron pipe so as to complete the electric current. Instantly the blue electric flames played between his head and the iron pipe holding him fast until his helper ran up stairs, pulled the switch, and shut off the electric current. Then the assistant telephoned for a

doctor and for help, and quickly they ran down stairs, and finding the plaintiff unconscious, they carried him to a room and gave him proper care. For two weeks he was confined to his bed. Then he passed about six months in a state of convalescence, and commenced working at $50 a month. Prior to the injury his earnings amounted to about $130 a month.

The plaintiff suffered from some burns on his left hand, on the crown of his head, and on other parts of the body, and from nervous shock and incidental pains. But his greatest loss was the injury to his right hand. He lost the ring finger, which had to be amputated at the third joint, and thus far he has lost the use of the other fingers by reason of the fact that in healing the fingers were permitted to grow together with a new tissue flexing or binding them down toward the palm of the hand. However, that condition is not necessarily permanent. It may be relieved by a simple and easy surgical operation, severing the new tissue that binds the fingers and prevents their use. The joints of the fingers and the tendons which move them are not materially injured. The injury to plaintiff is not in any way comparable with the loss of a hand or a foot. It does not necessarily shorten his life or his capacity of enjoying life, though the practical loss of his fingers does materially lessen his working and earning capacity.

However, it does seem that in any event the verdict is quite excessive because prior to the injury the net earnings of plaintiff were not more than the net income from $15,000, and though it is doubtless true that the defendants are not blameless in the care of their electric wires, it is equally true that the plaintiff is not without fault, and that his own negligence and want of due care was the direct and proximate cause of his injury. It is a case where the law ought to apportion the damages to each party according to the amount of his negligence,—as in railroad cases. Section 4805.

Defendants aver that the verdict is excessive and that it is not sustained by the evidence; that the injury sustained by plaintiff was the direct result of his negligence, and that the court erred by refusing to give the jury certain requested instructions and by giving instructions contrary to law. On its merits the case presented is one of negligence and contributory negligence. Negligence is the want of ordinary care and prudence. Section 10,358.

"Every one is responsible not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has wilfully or by want of ordinary care brought the injury upon himself." Section 5948.

"A principal is responsible to a third person for the negligence of his agent in the transaction of the business of agency." (Sec. 6356.)

"Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof or *certain to result in the future.*" Section 7141.

The twelfth assignment of error is that the court erred by instructing the jury thus: "In passing upon the matter of damages you may consider the injuries plaintiff received, the likelihood of the injuries being permanent, the pain he has suffered or may be likely to suffer in the future." Clearly that instruction is directly contrary to the statute which limits damages to those *certain to result in the future.* Ibid.

In this case, however, the main question is on the point of contributory negligence. It does appear that by want of ordinary care and caution, the plaintiff brought the injury upon himself. As he well knew, there was a safe way for him to do the business and there was no occasion for him to incur the least risk. Before going into the cellar, in the fraction of a moment, and without the least effort, he could have pulled, or directed his assistant to pull, the switch and shut off the electric current, and then he would have been perfectly safe. And when he went into the cellar and stood on a board and took in his hand one end of the dangling wire, he was still perfectly safe if he had not by carelessness put his head against a grounded iron pipe. It was the contact of his head with the grounded iron pipe that closed the circuit and caused the electric current to run through his body, and no one knew better than he the danger of permitting his head to come in contact with any iron pipe.

On the point of contributory negligence there can be no dispute, and there is no evidence to sustain a verdict for the plaintiff. His own testimony is conclusive against him. On his testimony it clearly appears that he has no cause of action.

The judgment is reversed and a new trial ordered.

Bruce, Ch. J. (concurring specially). I concur in the above opinion with the qualification that if negligence were proved and the instructions free from error, I would hardly have held that the verdict was so excessive as to justify a reversal.

Grace, J. I concur in the result arrived at herein by a majority of the court that the case should be reversed and a new trial granted.

Christianson, J. (concurring specially). In this case the defendant challenged the sufficiency of the evidence by motion for a directed verdict at the close of all the testimony. The opinion prepared by Mr. Justice Robinson in effect holds that such motion should have been granted. While there is much force to this contention, I am not entirely clear that it can be said as a matter of law either that there was no evidence of negligence on the part of the defendant, or that the plaintiff was guilty of contributory negligence as a matter of law. Nor do I believe that it can be said as a matter of law that the verdict is excessive. I agree with Mr. Justice Robinson, however, that the court erred in its instructions. Not only did the court instruct the jury that the jury might allow damages for injuries "likely" to be permanent, and for pains which plaintiff was "likely to suffer in the future," as stated in Mr. Justice Robinson's opinion, but it refused to give a requested instruction to the effect that a verdict for damages cannot be based upon speculation or conjecture. The court also refused to instruct the jury (pursuant to request for such instruction) as to the duty incumbent upon a person in the exercise of due care to select a safe, rather than a dangerous, way of performing a duty, where both a safe and an unsafe way are available. I believe a proper instruction upon this subject should have been given. Hence, I believe that the case should be reversed and a new trial had.

Birdzell, J. I concur in the reversal and remand of this case on account of the prejudicial instruction.